REESE, CH. J., did not sit.

---

WM. WINSLOW, PLAINTIFF .IN ERROR, V. THE STATE OF NEBRASKA, DEFENDANT IN ERROR.

[FILED APRIL 10, 1889.]

1. **Burglary.** In an indictment for burglary, it is necessary that the name of the owner of the building broken into should be given, and for this purpose the person in the visible occupancy and control of the premises, at the time of the burglary, may be set out as the owner, whether he be the owner of the title or a tenant.

2. ———. In such case it is also necessary that the indictment contain an averment that the breaking was with intent to steal property within the building.

ERROR to the district court for Johnson county.　Tried below before BROADY, J.

*Daniel F. Osgood,* for plaintiff in error, cited: Vol. 1 Wharton Criminal Law, sec. 816; Bishop on Criminal Procedure, 139; Maxwell's Criminal Procedure, 105; *State v. Williams,* 41 Texas, 98; *State v. Maxwell,* 42 Iowa, 208.

*William Leese, Attorney General,* for defendant in error, cited: Maxwell's Criminal Procedure, p. 105; *Hall v. State,* 48 Wis. 688; *State v. Mann,* 25 O. S. 668; 2 Bishop Criminal Procedure, sec. 698; *Sallie v. State,* 39 Ala. 691; Maxwell's Criminal Procedure, p. 376, note; *People v. Lewis,* 64 Cal. 401; 1 Wharton Criminal Law, sec. 813, 820.

REESE, CH. J.

Plaintiff in error was convicted of the crime of burglary.

He brings the cause into this court for review, by proceedings in error.

His principal objection is to the indictment which was returned by the grand jury, the charging part of which is that he "did on the fifth day of February, in the year of our Lord one thousand eight hundred and eighty-seven, in the county of Johnson and state of Nebraska aforesaid, then and there feloniously and burglariously, in the night season, willfully, maliciously, and forcibly, break and enter into a store house occupied by one Robert M. Frost, in the city of Tecumseh, with the intent to steal property of value of said Robert M. Frost, contrary to the form of the statute," etc.

It is contended: 1st, that the indictment contained no averment as to the ownership of the building broken into; 2d, that there was no description of the offense intended to be committed; and 3d, "That the property which it was

averred plaintiff intended to steal, was not alleged to have been in the building referred to at the time of the alleged breaking.

Section forty-eight of the Criminal Code provides that: "If any person shall, in the night season, willfully, maliciously, and forcibly, break and enter into any dwelling house, kitchen, smoke house, shop, office, store house, mill, pottery, factory, water craft, school house, church or meeting house, barn or stable, warehouse, malt house, still house, railroad car factory, station house, or railroad car, with intent to kill, rob, commit a rape, or with intent to steal property of any value, or commit any felony; every person so offending shall be deemed guilty of burglary, and shall be imprisoned in the penitentiary not more than ten nor less than one year."

It is conceded by the deputy attorney general that in an indictment or information for burglary, the name of the owner of the building must be stated with reasonable certainty. And such is the law of the case; but many of the distinctions of the common law as to the ownership of property with reference to which burglary may be committed, have been dispensed with, and it is not necessary to allege the title or character of ownership. The actual occupant lawfully in possession of the building and having the exclusive use and control of the premises, is the proper party in whom to allege ownership. Ownership as against the burglar means any possession which is rightful. (See Maxwell's Criminal Procedure, 104 and 105, and cases cited in note.)

It will be observed that the indictment in this case charges that the store house was occupied by one Robert M. Frost; but there is no allegation of his ownership. It was perhaps a matter of doubt in the mind of the pleader as to whether the occupancy of Frost was sufficient to justify the allegation of ownership, and therefore he preferred to state the facts as they existed. This, however, does not

meet the requirements of the settled rule of criminal plead-
ing. In cases of this kind there must be an allegation of
ownership. (Wilson's Ohio Criminal Law, 54, sub-title,
Ownership; 2 Bishop's Criminal Procedure, section 137;
2 Archibald on Criminal Procedure, etc., 1093.) And as
we have seen, the lawful occupancy of the property by one
in possession is sufficient to justify an allegation that he
was the owner. If Frost's occupancy was lawful, and one
by which he was entitled to the possession, use, and enjoy-
ment of the property, ownership should have been alleged
in him.

As to the second objection to the indictment, it must be
sufficient to say that neither by the motion for a new trial
nor by the brief of plaintiff in error, is it shown just what
criticism is intended to be made. It will not, therefore, be
examined.

The third objection to the indictment is that it is no-
where alleged that the breaking was with intent to steal
property within the building broken into, the language
of the indictment being, "with intent to steal property of
value of the said Robert M. Frost." In 2 Archibald on
Criminal Procedure, 1076, in discussing the question of
the allegation of intent, the author says: "But if the in-
tent alleged be to commit a larceny, it is not necessary to
show whose goods they were; it is sufficient to state them
to be 'the goods and chattels in said dwelling house then
being.'" But in pleading the larceny actually committed,
the ownership must be stated as in an indictment for larceny.

In 2 Bishop on Criminal Procedure, sec. 145, it is said:
"The common form of charging the intent is to say, for
example, 'with intent the goods and chattels of one (or the
said) B. in the said dwelling house then and there being,
(then and there,) feloniously and burglariously to steal, take,
and carry away.'" The words then and there, in paren-
thesis, are referred to in the foot-note as being unnecessary.

We think it cannot be doubted but that in an indict-

ment of the kind before us it should be alleged that the breaking was committed with intent to steal property in the building broken into, the usual form being "with intent to steal the goods of, (the name of the owner,) in said (building) then and there being." (See 2 East's Pleas of the Crown, 516; 1 Wharton's Precedents of Indictments and Pleas, 351; Maxwell's Crim. Proc. 101.)

We have been unable to find any precedent where the words referred to or their import are omitted, and we think upon principle they should not be.

Clearly under the statute the intent must give quality to the breaking, although the breaking is the offense. If a person should break into a building in which no property subject to larceny existed, and which fact was known to him, he would not be guilty of breaking with intent to steal property under the provisions of the section of the criminal code above quoted, even though he might intend at some other time and place to steal the property of the owner of the building. The entry must have been with intent to steal property by means of the entry. The intention must prompt the act, and in order to do so, the intention must be to steal property in the building. We think the indictment in this particular is defective, and that a new trial must be had.

While the question is not presented, we trust we may be pardoned for calling the attention of the pleader to what is supposed by some writers to be a necessary allegation in an indictment for burglary — and this is an allegation of the particular hour at which the breaking occurred. Not that it is necessary that such particular hour be proved, but for the purpose of showing upon the face of the indictment that it was "in the night season." (See 1 Wharton's Prec. of Ind. & Pleas. 349, note B; Maxwell's Criminal Procedure, chap. 13, and precedents for the crime of breaking and entering buildings; 2 Bishop on Criminal Procedure, sec. 131; Wilson's Ohio Criminal Law, 53.)

The judgment of the district court is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other Judges concur.