Farmers Bank v. Harshman.

----

FARMERS BANK v. G. W. HARSHMAN.

[FILED NOVEMBER 18, 1891.]

Instructions: ACTION ON PROMISSORY NOTE. In an action to recover upon a note which the plaintiff claimed had been canceled by mistake without being paid, and delivered to the defendant, and the defendant claimed that he had paid the same, two of the instructions given were inconsistent with each other as to the burden of proof, and therefore erroneous.

ERROR to the district court for Otoe county. Tried below before CHAPMAN, J.

*M. L. Hayward,* for plaintiff in error, cited, as to the fourth and fifth instructions : *Paine v. Kohl,* 14 Neb., 580; *Markel v. Moudy,* 11 Id., 219 ; *Eaton v. Carruth,* Id., 234 ; *Kersenbrock v. Martin,* 12 Id., 376 ; *U. P. R. Co. v. Ogilvy,* 18 Id., 639; *Morse v. Traynor,* 26 Id., 599; *Deitrich v. Hutchinson,* 20 Id., 52 ; *Merredith v. Kennard,* 1 Id., 312 ; *Harrison v. Baker,* 15 Id., 46 ; *Howell v. Sewing Mach. Co.,* 12 Id., 184; *Matthewson v. Burr,* 6 Id., 321 ; *Steele v. Russell,* 5 Id., 215; *Camp v. Sturdevant,* 16 Id., 695; *Newton Wagon Co. v. Diers,* 10 Id., 291; *Galloway v. Hicks,* 26 Id., 536; *Fitzgerald v. Meyer,* 25 Id., 82 ; *Mc-Pherson v. Wiswell,* 19 Id., 117.

*John C. Watson, contra.*

MAXWELL, J.

This action was brought in the district court of Otoe county to recover the sum of $1,009 and interest thereon. The cause of action is stated as follows:

"For a cause of action herein the plaintiff says that at Nebraska City, Nebraska, on the 8th day of August, A. D. 1888, the above named defendant, George W. Harshman, made, executed, and delivered to the above named plaintiff his certain promissory note in writing bearing that date, whereby for value received he promised on September 11, 1888, after the date of said note, to pay to the said plaintiff the sum of one thousand nine and $\frac{17}{100}$ dollars, with interest on said sum at the rate of ten per cent per annum from the maturity of said note until the same should be paid, together with a sum equal to ten per cent of said amount as a reasonable attorney's fee in case of action on said note, and that no part of the principal or interest of said note has ever been collected or paid; that plaintiff cannot attach a copy of said note hereto, because heretofore, and on September 21, 1888, one of plaintiff's clerks, in delivering

to defendant two other notes by him paid on said day, by a blunder and accident handed defendant the three notes instead of two, all being pinned together, the two he then paid and the one herein sued upon, and defendant now has said note, although it is wholly unpaid; that there is now due plaintiff from defendant on said note the sum of $1,009.17, with ten per cent interest from September 11, 1888."

The defendant in his answer "admits that the plaintiff is a banking corporation, and is duly organized under the laws of the state of Nebraska, and is doing a banking business at Nebraska City, in Otoe county, under the name of 'The Farmers Bank.'

"Second—That he executed to said plaintiff the note sued on in its petition, as in plaintiff's petition alleged, and that the date of said note was on the 9th day of August, 1888, and was for the sum of $1,009.17, and that said note was due thirty days after date, with ten per cent interest from maturity.

"Third—That on the 19th day of September, 1888, this defendant paid said note in full to said bank, and said plaintiff bank canceled and surrendered said note to this defendant, and the same was then and there fully paid and satisfied, and duly delivered to this defendant."

In the reply the plaintiff alleges that although three notes were stamped as paid by mistake, yet, in fact, the defendant did not pay the note in suit.

On the trial of the cause the jury returned a verdict for the defendant, and a motion for a new trial having been overruled, judgment was entered on the verdict, dismissing the action.

The court instructed the jury as follows:

"Plaintiff alleges, in substance, that on the 8th day of August, 1888, defendant made and delivered his promissory note to plaintiff in writing, of that date, whereby he promised to pay to plaintiff the sum of $1,009.17, with

interest at the rate of ten per cent per annum, and that afterwards, and on the 21st day of September, the plaintiff, in delivering to defendant two other certain promissory notes, by mistake delivered to defendant the note of date August, 1888, calling for the payment of the said sum of $1,009.17; that said promissory note has never been paid, and that defendant refuses to pay the same. To this petition of the plaintiff the defendant has answered, admitting the execution of the note in controversy, and alleges that on the 29th day of September, 1888, he paid said promissory note in full to the plaintiff.

"First—You are instructed, gentlemen, that upon the issues thus presented by the pleadings the burden of proof is upon the defendant to satisfy you by a preponderance of the evidence that he paid the note in controversy in this action, and upon the plaintiff to satisfy you by a preponderance of the evidence that the promissory note in dispute was by mistake delivered to defendant without consideration therefor.

"Second—If you believe from the evidence that defendant did not pay the note in question, but that it came into his possession by mistake, your verdict should be in favor of the plaintiff for the amount you find remaining due and unpaid upon said note, with interest at ten per cent from maturity. If you find that defendant has paid the said note, as alleged in his answer, and as testified to by himself upon the witness stand, your verdict shall be in favor of the defendant.

"Third—You are further instructed that it is incumbent upon the defendant Harshman to prove by a preponderance of the evidence that he paid the note in question, but you are further instructed that if you find from the evidence that the note in question is in the possession of the defendant Harshman, and that such note was stamped 'Paid,' upon its face by the plaintiff's bank, to whom it was made payable, and you further find that the note in question

came honestly into the possession of the defendant, such facts are *prima facie* evidence of the payment of such note, and is a fact proper to be taken into consideration in determining the question as to whether it was delivered to him by mistake, as alleged in the plaintiff's petition and as testified to by the agents and officers of said bank.

"Fourth—You are further instructed that the evidence showing that the note in controversy was delivered to defendant with the cancellation stamp of the plaintiff bank upon its face, and it being admitted upon the trial that it was delivered to defendant by the agents and servants of the plaintiff in the regular course of its business, the burden of proof is shifted from the defendant to the plaintiffs to satisfy you by a preponderance of the evidence that the defendant did not pay the same, but that, as a matter of fact, the delivery of the same and the cancellation thereof was a mistake and error upon the part of the plaintiff.

"Fifth—You are the sole judges of the evidence submitted to you, and it is your duty to fairly and fully consider the same and harmonize it when it can consistently be harmonized, and a true verdict render between the parties to the controversy."

The defendant seems to have claimed the right to open and close, thereby undertaking to convince the jury that he had paid the note in question. The instructions in question in one part state that the burden is upon the plaintiff, and in another part that it was upon the defendant. In this regard they are calculated to confuse the jury. Unless the defendant admits that he received the note without paying it, it would devolve on the plaintiff to show by a preponderance of the evidence that the note had been marked "Paid" by mistake. The defendant claims that he paid the note in suit and two others largely by checks, so that it can readily be ascertained whether or not payment has actually been made.

Two of the instructions given are inconsistent with each

other, and may have misled the jury, and are therefore erroneous. The judgment is therefore reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.