SHEDRICK C. BURLINGIM v. WILLIAM BADERS.

FILED JUNE 22, 1895. No. 5751.

1. **Instructions.** An instruction is erroneous which requires a jury to base its verdict on a matter which forms only a portion of the evidence bearing on the principal issue, and disregards the determination of that issue itself.

2. ———. Such error is not cured by other instructions stating the issue correctly.

ERROR from the district court of Seward county. Tried below before MILLER, J.

*Ed P. Smith* and *E. C. Biggs,* for plaintiff in error.

*Norval Bros. & Lowley,* contra.

IRVINE, C.

Mary Unsicker was the owner of a quarter section of land, and also of an eighty-acre tract in Seward county. There were upon both of these tracts incumbrances as follows:

47

(1.) A mortgage from Mary Unsicker and husband to the Equitable Trust Company for $2,500. (2.) Another mortgage between the same parties for $250. (3.) A mortgage to Burlingim for $1,320, which last mortgage had been assigned to Claudius Jones. In December, 1887, Baders and Mary Unsicker made a contract whereby Baders was to purchase the eighty-acre tract for $1,650. Fifty dollars was to be paid in cash, $1,000 to be paid in the following March. The remainder of the purchase money the parties contemplated should be raised by a mortgage to be placed on the eighty-acre tract for $600. The eighty acres was to be relieved from the burden of the Unsicker mortgages, and for this purpose it was contemplated that the $1,600 received from Baders should be applied toward the payment of these mortgages, and that the Unsickers should obtain a new loan on the quarter section remaining in them, wherewith to discharge the remainder of the old incumbrances. Baders paid the $50 and the $1,000, and executed a note and mortgage to one Upton for the $600; but the transaction was not otherwise completed. A suit was brought to foreclose the old mortgages; they were foreclosed, and the land, including the eighty-acre tract, sold to Harry T. Jones, son of Claudius Jones. The foregoing facts are unquestioned. On every other point in the case there is a conflict. Baders brought this action against Burlingim and Harry T. Jones, charging the foregoing facts, and charging, in addition thereto, that he had paid the $1,000 to Burlingim under an agreement on Burlingim's part that he would make the loan of $600, and that with the money so obtained he would procure the release of the old mortgages; that Burlingim failed to perform his agreement, but instead thereof conspired with Harry T. Jones to appropriate the $1,000, procure a foreclosure of the mortgages, and enable Jones to get the land. On the trial the court gave a peremptory instruction to find in favor of the defendant Jones, and the judgment rendered upon

this verdict is not questioned.  Therefore, the charge of conspiracy is eliminated from the case, and the gist of the action is the violation by Burlingim of his agreement to procure the release of the mortgages.  Burlingim in his answer denies that he ever undertook to procure the mortgages to be released, but alleges that the $1,000 was paid to him by the Unsickers instead of the Baders, and for the sole purpose of applying the same towards the satisfaction of the mortgages, and that he had done so.  The pleadings are very voluminous, and contain many facts which are evidentiary rather than final; but the foregoing summarizes the principal issues.  The court gave the following instruction: "If from the testimony you should find that it was the plaintiff who gave to the defendant the $1,000, and should you further find that the defendant afterwards paid such money with the knowledge of the mortgages existing against the premises purchased by the plaintiff from the Unsickers, it would then be his duty, with such knowledge, to retain such money and withhold payment of the same until such mortgages were released and canceled on the land purchased by the defendant from the Unsickers, and if with such knowledge if he paid such money, it would then be your duty to find for the plaintiff.  However, should you find that the $1,000 given to the defendant Burlingim was given to him by the Unsickers or either of them, it would then be your duty to find for the defendant."  There was a verdict for the plaintiff, and Burlingim prosecutes error.

We think the instruction quoted was erroneous.  It is true that the pleadings put in issue the fact as to whether the $1,000 was paid to Burlingim by Unsicker or by Bader; but this was only a matter of evidence, and the verdict did not necessarily turn on that question.  By the instruction as given, the jury was told that if it was the fact that the money was paid by Bader, and if Burlingim knew of the existence of the incumbrance, then the verdict must be for plaintiff.  This was the effect of the instruction, because it

was admitted that Burlingim knew that the mortgages were not released. It did not follow that because Bader paid the money to Burlingim the latter became liable. It would seem from the testimony that both Unsicker and he were present when it was turned over to Burlingim. If Bader paid it to Unsicker and Unsicker turned it over to Burlingim, this would tend to show that Burlingim's contract was not what the plaintiff claimed, but it would not finally establish that fact; nor, on the other hand, would the fact that Bader paid the money directly to Burlingim conclusively show that Burlingim agreed to see that the mortgages were released, although, in view of the other evidence, it would have a tendency in that direction. It was, therefore, erroneous to charge the jury that the verdict must turn on this fact. The real question was whether Burlingim undertook to secure the release of the mortgages, or simply undertook to apply the $1,000 toward their payment, which there is evidence tending to show that he did. The instruction quoted entirely overlooks the real issue. There are other instructions placing this issue before the jury, but they do not cure the error in the sixth, because the latter does not merely direct attention to the facts stated as matters to be considered in determining the real issue, but requires the jury to base its verdict solely upon those facts.

REVERSED AND REMANDED.