## STATE v. LA CROIX.

1. Laws 1895, Chap. 64, § 3, requires an offense charged in an information to be stated with the same precision as is required in an indictment. Comp. Laws, § 7249, provides that an indictment is sufficient if the act charged is clearly set forth in ordinary language, so that a person of common understanding could know what is intended, and with such certainty as that the court can pronounce judgment according to the right of the case. Section 6741 provides that every person who breaks and enters in the nighttime any building, etc., in which any property is kept, with intent to steal or commit any felony, is guilty of burglary in the third degree. *Held,* that an information was sufficient which charged that defendant, in the nighttime, burglariously broke and entered with intent, etc., burglariously to steal, though it did not state the degree of the offense charged.

2. On appeal it will be presumed in favor of an order of the trial court overruling an unsupported motion to set aside the information that such in-

formation was not filed until a preliminary examination had either been held, or waived·by defendant, as required by Laws 1895, Chap. 64, § 8.

3. After impaneling and swearing the jury in a criminal case, the court adjourned until the next morning, when one of such jurors did not appear, and the court discharged him. Another juror was selected by order of the court, which gave defendant the right to exercise three additional peremptory challenges, none of which were used. After the jury was thus completed, the juror discharged came into court. *Held*, that a conviction would not be set aside in the absence of any claim by defendant that he was prejudiced.

4. An objection that evidence is irrelevant and immaterial is insufficient.

5. An information alleged that defendant broke and entered the store building of H. & S., situate in the town of G., with intent to steal the goods of said H. & S. The evidence showed that such firm was composed of H. and S.'s wife; that the store occupied by such firm was owned by B., and contained a stock of merchandise belonging to such firm. *Held*, that the variance between the information and proof was immaterial.

(Syllabus by the Court.   Opinion filed April 7, 1896.)

Error to circuit court, Buffalo county. Hon. D. HANEY, Judge.

Defendant was convicted of burglary, and brings error. Affirmed.

The facts are stated in the opinion.

*C. C. Morrow, F. F. Haskell* and *James Brown*, for plaintiff in error.

Ownership of both building and personalty are material facts, which must be proved as laid. 1 Bish. Cr. Proc. (3d Ed.), § 4882; 2 Russell on Crimes, (5 Ed.), 41.; Neiderluct v. State, 17 S. W. 467; State v. Dudley, 7 Wis. 664; Bromley v. People, 37 N. E. 209.

*Coe I. Crawford* (Attorney General), and *H. B. Farren* (State's Attorney), for defendant in error.

The firm name was correctly given, and it was the firm which owned the goods. State v. Nelson, 14 S. W. 718.

FULLER, J.   Upon a duly verified information plaintiff in error was prosecuted for and found guilty of the crime of burglary in the third degree, and from a judgment of conviction

error is brought to this court for review. Sec. 3, c. 64, Laws 1895, requires that an offense in an information "shall be stated with the same precision and fullness in matters of substance, as is now required in indicting in like cases." The allegations of the information are conceded to be entirely sufficient, so far as they relate to the party charged and to the particular circumstances of the offense, but counsel for plaintiff in error maintain that there is a failure to charge any offense whatever, in that the degree of burglary is nowhere stated. As the caption and all formal parts of the accusation are omitted from the abstract, which purports to contain only that part of the information which is rightly admitted to be sufficiently "direct, and contains as it regards the particular circumstances of the offense charged," it might well be presumed, in the absence of anything to the contrary, and in support of the ruling of the court upon a demurrer and motion to set the information aside, that the degree of burglary, the facts constituting which are stated in ordinary and concise language, was stated in the introductory part of the information. In State v. Eno, 8 Minn. 220 (Gil. 190), the court says: "When the crime has a name, such as treason, murder, arson, manslaughter, larceny, etc., and is susceptible of division into different classes or degrees, it is sufficient to charge the defendant with the crime by name in the accusing part of the indictment, and describe the particular degree or class of the offense in the specifications." As no question is raised as to the formal averments, none of which appear in the abstract, and it being admitted that the particular circumstances of the offense charged are sufficiently stated, it must, of necessity, follow that the information is direct and certain as to the offense charged. "Every person who breaks and enters, in the daytime or in the nighttime, * * * any building, or any part of any building, booth, tent, railroad car, vessel, or other obstruction or erection in which any property is kept, with intent to steal therein, or to commit any felony, is guilty of burglary in the third degree." Sec. 6741, Comp.

Laws. The information charged: ·"That Joseph La Croix, on September 28, 1895, with force and arms, about the hour of twelve o'clock in the nighttime, at the town of Gann Valley, in the county aforesaid, the store building of William J. Hughes and Henry Slechta, partners doing business in the firm name and style of Hughes & Slechta, there situate, unlawfully, feloniously, and burglariously did break and enter, with intent the goods, chattels and personal property of the said Hughes and the said Slechta, in said store building, then and there being kept, then and there unlawfully, feloniously, and burglariously to steal, take by stealth, and carry away, with intent to deprive the aforesaid owners thereof." Sec. 7249 of the Compiled Laws is as follows: "The indictment is sufficient if it can be understood therefrom: * * * (6) That the act or omission charged as the offense is clearly and distinctly set forth in ordinary and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended. (7) That the act or omission charged as the offense, is stated with such a degree of certainty, as to enable the court to pronounce judgment upon a conviction according to the right of the case." Under the statute the facts constituting a public offense are charged in ordinary and concise language, so that a person of common understanding may know that the crime described is burglary in the third degree, and, as the information is therefore sufficient, the demurrer was properly overruled.

Section 8 of Chapter 64 of the Laws of 1895 provides that: "No information shall be filed against any person for any offense until such person shall have had a preliminary examination thereof as provided by law before a justice of the peace or other examining magistrate or officer, unless such person shall waive such right; provided however, that information may be filed without such examinations against fugitives from justice." Under the rule by which presumptions are entertained in support of judicial proceedings, in the absence of evidence

or anything to the contrary, it will be presumed in favor of an order of the trial court overruling an unsupported motion to set aside the information that the same was not filed until a preliminary examination had either been held or waived by the defendant.

At the trial, and after nine jurors had been selected and impaneled, the court adjourned until 9 o'clock the next morning, when one of the jurors thus chosen and sworn to try the case failed to appear; whereupon the court, after being informed that said juror, upon the adjournment of court the evening before, had gone to his residence in the country, six miles away, discharged said juror, and ordered the selection of another in his stead, and at the same time gave the defendant the right to exercise three additional peremptory challenges, none of which were used. After the completion of the jury and the commencement of the trial, the juror discharged on account of absence came into court. Without the claim that the accused was prejudiced, his counsel's contention that the action of the court in discharging the absent juror is error for which the cause must be reversed cannot be entertained with favor. While litigants, within the statutory restrictions, have power to reject, it is not their province to select jurors; and, ordinarily, when a prisoner has been tried by one impartial jury, he should not be allowed another trial to another impartial jury, simply because the court excused a qualified juror and selected in his stead another, possessing the same qualifications, and against whom no objection is urged. The fifth headnote in People v. Barker, 60 Mich. 277, 27 N. W. 539, is as follows: "During the impaneling of a jury in a criminal case, and before a full panel had been secured, an adjournment was had until the following morning. Upon the opening of court at the appointed hour, a juror who had been accepted as one of the panel prior to such adjournment failed to appear, and after an hour's search was found in a room of an hotel, playing pool. The court excused him from the panel, his place being filled by

another juror, to which order the respondent excepted. Held, that a circuit judge is invested with a certain degree of discretion in the selection of a jury, which should be exercised by seeing that proper and competent men are selected; and so long as the case of the respondent is not prejudiced by the exercise of such discretion he cannot complain." "The court may, of its own motion, for any good reason excuse a qualified juror from sitting on the panel in a criminal case; and this will not be error if the defendant is tried by a jury of lawful men." People v. Arceo, 32 Cal. 40. See, also, State v. Davis (W. Va.), 7 S. E. 24.

The information charges that plaintiff in error broke and entered "the store building of William J. Hughes and Henry Slechta, partners doing business in the firm name and style of Hughes & Slechta," and it appears from the cross-examination of said William J. Hughes that the above named firm is composed of himself and Christina Slechta, the wife of Henry Slechta, and that the store building in question, occupied by said firm of Hughes & Slechta for the purposes of trade, is owned by George Backus. In response to a question propounded by the prosecuting attorney on redirect examination, and over the general objection that the same was "irrelevant and immaterial" the witness was allowed to state that at the time in question there was no other general store building in Gann Valley, Buffalo county, S. D., and this ruling of the court is assigned as error. To prevent surprise, and enable the court and counsel to deal with an objection understandingly, their attention must be brought directly to the specific point wherein the question is claimed to be irrelevant and immaterial, and, unless this is done no question is presented to an appellate court for review. Mining Co. v. Noonan, 3 Dak. 189; Agricultural Works v. Young, (S. D.) 62 N. W. 432; 3 Rice, Cr. Ev. p. 259, and numerous cases there cited.

Upon the ground of a variance between the information and the proof as to the ownership of the building and the stock of mer-

chandise therein contained, counsel for the accused moved the court to direct the jury to return a verdict of not guilty, and the denial of said motion is assigned as error. This motion was properly overruled. There is no material variance between the information and the proof as to the occupancy of the building, and it appears from the undisputed evidence that said building contained a stock of merchandise belonging to the firm of Hughes & Slechta at the time the offense was committed. The fact that the title to said building was shown to be in another, and that Slechta's name was Christina, instead of Henry, is not a material variance. No pretense is made that the accused was, by the variance, misled or prejudiced in making his defense, and surely he is not exposed to the danger of being put twice in jeopardy for the offense described in the information. The variance was therefore properly disregarded. Sec. 7588, Comp. Laws; Abb. Tr. Brief, p. 411; Coates v. State (Tex. Cr. App.) 20 S. W. 585; State v. Emmons (Iowa) 33 N. W. 672; Smith v. State (Tex. Cr. App.) 29 S. W. 775; Leslie v. State (Fla.) 17 South, 555; Winslow v. State (Neb.) 41 N. W. 1116. As the view we have taken of the questions presented by the record leads to the conclusion that the case was correctly tried, and submitted to the jury under proper instructions as to the law of the case, the judgment of the trial court is affirmed.

HANEY, J., took no part in this decision.