## Philip Bergeron v. State of Nebraska.

Filed February 17, 1898.   No. 9618.

1. Criminal Law: Instructions. An instruction purporting to cover the whole case is erroneous which fails to include all the elements necessarily involved in the issues and within the evidence.

2. Burglary. By section 48 of the Criminal Code breaking and entering in the night-season are essential elements of the crime of burglary.

3. ——: Information: Evidence. Where an information for burglary charges that the breaking and entering were effected with the intent to steal, it is necessary to prove that the property possessed some value and was within the building.

4. Instructions: Review. A faultless instruction will not cure a misstatement of the law in another paragraph of the court's charge to the jury.

Error to the district court for Adams county. Tried below before Beall, J. *Reversed.*

*Thomas H. Matters* and *Tibbets Bros., Morey & Ferris,* for plaintiff in error.

*C. J. Smyth, Attorney General,* and *Ed P. Smith, Deputy Attorney General, contra.*

Norval, J.

The object of this proceeding is to secure the reversal of a conviction of the crime of burglary. Of the several assignments in the petition in error, consideration will be given to those relating to instructions alone.

This prosecution was brought under section 48 of the Criminal Code, which declares: "If any person shall, in the night-season, willfully, maliciously, and forcibly break and enter into any * * * storehouse, * * with intent to kill, rob, commit a rape, or with intent to steal property of any value, or commit any felony, every person so offending shall be deemed guilty of burglary, and shall be imprisoned in the penitentiary not more

than ten nor less than one year." The information charges that the accused burglariously broke and entered, in the night-season, a certain store building with the intent to steal specifically described chattels situate therein of the value of $30, belonging to Parmenter & Ellsworth.

The seventh instruction given at the request of the state is excepted to, which reads as follows:

"7. The court instructs you that it is not necessary for the state to prove beyond a reasonable doubt that the defendant stole and carried away all the property enumerated in the information, but if you believe from the evidence beyond a reasonable doubt that the defendant, Philip Bergeron, feloniously, burglariously, willfully, maliciously, and forcibly did break into and enter the building described in the information, and you further believe that said building was occupied by Parmenter & Ellsworth, and you further believe beyond a reasonable doubt that the said Philip Bergeron, being in said building in the second story thereof, by means of a pole, or any other instrument, reached through the skylight opening in the floor of the second story into the store room of Parmenter & Ellsworth below, in the night-season, and by means of said pole, or other instrument, took any property of value, however small, of Parmenter & Ellsworth, named in the information, and you further believe beyond a reasonable doubt that the said Philip Bergeron so took said property for the purpose and with the intent to steal the same, you are instructed that you shall find the defendant guilty, notwithstanding the fact that you may also believe from the evidence that the said Philip Bergeron did not steal and carry away all of the goods of Parmenter & Ellsworth mentioned in the information."

This instruction purported to include every element of the offense charged, and it told the jury, in effect, if they found the existence, from the evidence, of the enumerated ingredients of the crime, it was their duty to return a verdict of guilty. It is a familiar rule that an instruc-

tion is faulty which purports to cover the entire case, but which in fact fails to include all the elements necessarily involved in the case and within the evidence. (*Barnes v. State*, 40 Neb. 545; *McAleer v. State*, 46 Neb. 116.) The instruction quoted omitted important elements of the crime charged, namely, that the breaking and entering of the building occurred in the night-time, and with the intent to steal. Under the instruction the defendant could have been convicted of burglary, even though he broke and entered the building in the daytime for a lawful purpose, in case he subsequently, in the night-time, took property in the building belonging to the complaining witnesses, with the intent to steal the same. On account of the omissions indicated the instruction was erroneous. (*Ashford v. State*, 36 Neb. 38.)

Complaint is made of this instruction given on the request of the state:

"The court instructs the jury if they find beyond a reasonable doubt the defendant did at the time charged in the information, willfully, maliciously, burglariously, and forcibly break and enter said store building, with the intent then and there to steal, take, and carry away the property of the firm of Parmenter & Ellsworth, and although he did not steal, take, and carry away any of said property, yet you should find the defendant guilty."

The court by this instruction attempted to state what was necessary to be proven to entitle the state to a conviction, yet the paragraph of the charge omitted therefrom the question of the value of the property. The section of the Criminal Code already mentioned requires that the property must possess some value to constitute the offense of burglary when the information charges that the breaking and entering were effected with the intent to steal. The instruction likewise leaves out the element of ownership of the building, and fails to state that the property intended to be stolen must have been within the building. These were essential ingredients of the crime. (*Winslow v. State*, 26 Neb. 308.)

The second and eighth instructions on behalf of the state were also erroneous for the reasons already given.

The attorney general has suggested that instructions should be construed as a whole. This is undoubtedly the rule, and if when so considered they state the law correctly, they will be upheld. But this principle is not applicable here, since a good instruction will not cure one which attempts to cover the entire case, but which is palpably bad. (*Burlingim v. Baders*, 45 Neb. 673; *Farmers Bank v. Marshman*, 33 Neb. 445; *Ballard v. State*, 19 Neb. 609.) The judgment is reversed and the cause is remanded for further proceedings.

REVERSED AND REMANDED.