WALTER POINTER V. STATE OF NEBRASKA.

FILED OCTOBER 26, 1925.  No. 24581.

1. Burglary: PROOF. To sustain a verdict of guilty of the crime of burglary, it is unnecessary that the owner of the property stolen testify directly that he did not consent to the taking, if, as in this case, the facts and circumstances surrounding such taking clearly and unequivocally prove nonconsent.

2. ———: INFORMATION. An information which charges one with feloniously, wilfully, maliciously and forcibly entering a building with intent to steal property is not defective in omitting to allege that such property was of some value.

3. Criminal Law: MISCONDUCT OF OFFICERS. Ordinarily, side remarks of the sheriff or county attorney made at a trial in a

criminal case, in the hearing of the jury, will not cause a re-versal of the judgment, where the trial court admonishes the jury to in no manner consider the same.

4. Burglary: SENTENCE. Instructions given and sentence imposed by the trial court examined and *held* to be free from reversible error.

ERROR to the district court for Jefferson county: WILLIAM J. MOSS, JUDGE. *Affirmed.*

*Grant G. Martin* and *Bartos & Bartos,* for plaintiff in error.

*O. S. Spillman, Attorney General,* and *Richard F. Stout, contra.*

Heard before MORRISSEY, C. J., DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

THOMPSON, J.

The state prosecutes Walter Pointer on the charge of aiding and abetting one William Saunders in the perpetration of a burglary on the 9th day of December, 1924, in Jefferson county. Case tried to a jury, verdict of guilty. Motion for new trial overruled, judgment entered committing him to be imprisoned in the state reformatory for a term of from two to seven years, to reverse which the case is brought to this court.

The information is one covering every material fact necessary to be pleaded and proved to sustain a conviction for unlawfully aiding and abetting a burglary. This information was set out in full in the first instruction given by the court on its own motion, amplified as follows: "To this information the defendant in open court has entered a plea of not guilty, and the information and the plea of not guilty form the issue now submitted to you for your decision." In instruction No. 2 the court quoted section 9623, Comp. St. 1922, defining the crime of burglary, and in instruction No. 3 quoted section 9541, Comp. St. 1922, as amended by Laws 1923, ch. 89, defining aiding and abetting.

These were followed by one clearly stating the law as to the burden of proof, and proof necessary for a conviction. This was all the case required to clearly state the issues and proof necessary to convict.

The court closed an instruction (No. 8), wherein only a part of the elements of the crime charged was set out, with: "If you believe from the evidence beyond a reasonable doubt that the defendant did aid or abet or procure William Saunders to break and enter into the Mary Etta pool hall on or about the 9th day of December, 1924, feloniously and unlawfully, with intent to steal the property of W. J. Hogan, in said building, then you will find defendant guilty." Such ending of an instruction so limited as to facts is not to be commended. Yet, taking this with the other instructions given, we conclude that the jury were properly instructed, both as to the facts and proof, and the burden thereof, and this ending did not give rise to reversible error.

The testimony of the owner of the property stolen shows that the circumstances, in a detailed and concise manner, were laid before the jury in his examination, clearly and unequivocally proving that the entry into the building was without his consent or connivance, or of those in charge. This was sufficient. *Johns v. State*, 88 Neb. 145. This holding is affirmed in *Nixon v. State*, 89 Neb. 109.

It is also contended that in such case the information must charge, and the proof must show, that the property which the one charged intended to steal possessed some value. In this defendant relies upon *Bergeron v. State*, 53 Neb. 752, overlooking that the holding therein to that effect has been overruled by us in *Schultz v. State*, 88 Neb. 613, wherein we held: "One who unlawfully, wilfully, maliciously and forcibly breaks and enters a mill building with the intent to steal property of any value is guilty, although there is no personal property therein. The third paragraph of the syllabus in *Bergeron v. State*, 53 Neb. 752, overruled." The record discloses, also, that at the time William Saunders broke and entered the building there was much personal property therein of different kinds, among

which was some money, which money was found in the possession of Saunders at the time of his arrest, which of itself is sufficient evidence of value.

As to the charge of misconduct on the part of the sheriff and county attorney: We realize that the delicate position occupied by each should impel them to follow a line of neutrality, and to aid the court in every way to insure all parties to the litigation a fair and impartial hearing. Side remarks which might in any way defeat this aim should not be indulged in by any of those engaged in the trial. Each and all should aid in the due and orderly administration of the law. However, as the court promptly cautioned them, and forbade a continuance of such conduct, the rights of defendant were in no manner jeopardized.

As to the sentence running from two to seven years: Section 9623, *supra*, after defining the crime of burglary, prescribes the penalty as follows: "Shall be punished by imprisonment in the penitentiary not more than ten years nor less than one year, or by a fine not exceeding five hundred dollars, or imprisonment in the jail of the county not exceeding six months." Section 10248, Comp. St. 1922, provides that in such case as this the trial court may, in its discretion, fix an indeterminate sentence: "Provided the minimum term fixed by the court shall not be less than the minimum term provided by law for the crime for which the person was convicted, nor the maximum term be greater than the maximum term provided by law for the crime for which the person was convicted." It will be seen that the minimum and maximum sentence imposed upon defendant was within the minimum and maximum term provided by section 10248, *supra*. The trial court did not abuse its discretion in sentencing defendant to from two to seven years in the reformatory.

The record is without reversible error, and the judgment of the district court is in all things

AFFIRMED.

Note—See Burglary, 9 C. J. secs. 74, 134, 151, 156.