THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JOSÉ ANTONIO RODRÍGUEZ SANTIAGO, Defendant and Appellant.

No. 13478. Argued January 10, 1949.—Decided February 4, 1949.

---

508

*José Rafael Gelpí,* for appellant. *Vicente Géigel Polanco, Attorney General (Luis Negrón Fernández,* former *Attorney General* on the brief) and *J. Rivera Barreras, Prosecuting Attorney,* for appellee.

Mr. JUSTICE TODD, JR., delivered the opinion of the Court.

José Antonio Rodríguez was tried by a jury in the District Court of Mayagüez of the crime of murder in the second degree. The court charged the jury that it could render one of these three verdicts: guilty of murder in the second degree or of voluntary manslaughter or not guilty. Notwithstanding·this, the jury, after deliberating, rendered a verdict of guilty of involuntary manslaughter. The court did not accept this verdict because the same was erroneous, charged the jury again as to the verdicts that it could render and ordered it to return to the deliberation room in order to reconsider the verdict. The jury acquiesced and then rendered a verdict of guilty of voluntary manslaughter. The verdict

was accepted and the court convicted the defendant of said offense. The defendant requested to be given the benefits of the Act providing for suspended sentences and the court ordered the probation officer to make the proper investigation. The officer made his report and the court imposed on defendant an indeterminate sentence of three to five years imprisonment in the penitentiary and at the same time suspended the sentence, releasing the defendant on parol under certain conditions. Feeling aggrieved the defendant appealed and alleges that the lower court erred in refusing to accept the verdict of involuntary manslaughter rendered by the jury, in charging the jury as to the scope of § 288 of the Code of Criminal Procedure and in imposing an indeterminate sentence and at the same time releasing him on parol.

This appeal has been prosecuted on a statement of the case and not on the transcript of the evidence. From the statement it appears that the parties did not ask the court to give additional instructions to the jury as to the verdict which, according to the evidence, it could render in the case. At the time that the jury withdrew to deliberate for the first time, the defendant had not moved the court to instruct the jury that it could render a verdict of involuntary manslaughter. It was after the jury rendered the verdict of guilty of said offense, which the court, relying on § 288 of the Code of Criminal Procedure, did not accept, that the defendant, for the first time, sought an instruction on involuntary manslaughter which the court denied.

■■ Section 288 of the Code of Criminal Procedure, provides as follows:

"When there is a verdict of conviction in which it appears to the court that the jury have mistaken the law, the court may explain the reason for the opinion, and direct the jury to reconsider their verdict, and if, after the reconsideration, they return the same verdict, it must be entered; but when there is a verdict of acquittal the court can not require the jury to

reconsider it. If the jury render a verdict which is neither general nor special the court may direct them to reconsider it, and it can not be recorded until it is rendered in some form from which it can be clearly understood."

The procedure followed by the trial court is in conformity with the provisions of the statute. *People* v. *Dones*, 56 P.R.R. 201; *People* v. *Alvarado*, 49 P.R.R. 410. The verdict of involuntary manslaughter was entirely erroneous and did not conform with the instructions that the court gave the jury. We have examined the evidence introduced in this case and in our opinion the court did not err in giving its original instructions nor in refusing to give the instruction · on involuntary manslaughter untimely sought by the defendant. The first error was not committed.

█ In the second assignment appellant alleges that the following instruction given by the court in connection with § 288 *supra*, is erroneous:

"The court believed that that instruction was unnecessary after having read to the jury Section 288; but the court is going to give the instruction.

"You may, of course, after having been notified that you are mistaken and that you· have not applied the statute as you should, bring the same verdict of involuntary manslaughter. If you disregard the instructions of the court and bring again the same verdict of involuntary manslaughter, the court shall have no other alternative but to enter it in the record as expressly provided by Section 288 of the Code of Criminal Procedure. So that keeping this in mind and with the instructions which at the request of the defendant I have just given in the sense that pursuant to Section 288 you may render the same verdict, you may now withdraw and continue deliberation."

The appellant did not contest this instruction. He did not move for its reconsideration nor did he take an exception. We do not feel that it prejudiced the rights of the defendant and so he cannot complain now for the first time on appeal. *People* v. *Millán*, 66 P.R.R. 233; *People* v. *Díaz*, 63 P.R.R. 948.

■■ In the third assignment of error appellant maintains that the court erred in imposing on the defendant an indeterminate sentence and at the same time release him on parol.

On motion of the prosecuting attorney and since the statement of the case is not clear as to how the sentence was imposed in this case, we have admitted a certified transcript of the evidence which contains the sentence imposed by the court and which in its pertinent part read thus:

". . . the court . . . sentences the defendant José Antonio Rodríguez Santiago to serve an indeterminate term of three to five years of imprisonment in the penitentiary, at hard labor.

"Since the probation officer of the court rendered a favorable report entitling defendant to the benefits of the Act of April 3, 1946, which establishes the system of indeterminate sentences in Puerto Rico and it having been approved by the court, the suspension of the effect of the sentence of three to five years in the penitentiary which has just been imposed on the defendant José Antonio Rodríguez Santiago, is hereby decreed and ordered, remaining said José Antonio Rodríguez Santiago, as recommended by the probation officer in his report, on parol for a period of three years, subject to the following conditions: [they are enumerated]."

Section 1 of Act No. 295, providing for the establishment of the indeterminate sentences in Puerto Rico, approved April 10, 1946, (Sess. Laws, p. 758) provides:

"The indeterminate sentence is hereby established in Puerto Rico; *Provided*, That when the courts sentence a convict to serve a term for a felony not entailing life imprisonment, they shall fix an indeterminate sentence and shall not fix a specific time limit to such sentence, but shall direct the commitment of the convict for a term which shall in no case be less than the minimum term provided by law for the offense committed nor more than the maximum term indicated for said offense; *Provided, further*, That in such cases in which the law does not provide for minimum or maximum terms, the trial court shall fix said minimum or maximum terms."

Pursuant to the above provision, the court must, mandatorily, impose an indeterminate sentence when convicting a person for felony not entailing life imprisonment. The court acted in conformity with the statute by imposing an indeterminate sentence of three to five years in the penitentiary and since § 204 of the Penal Code does not fix a minimum term for the offense of voluntary manslaughter, the court was authorized to fix the minimum of three years. It was also within its discretion to fix the maximum of five years. *McDonald* v. *Johnston*, 86 Fed. 2d 329; *Pointer* v. *State*, 205 N.W. 574; *Rogers* v. *State*, 83 So. 359.

Neither did the court err in suspending the effect of the indeterminate sentence and releasing appellant on parol for a period of three years under certain conditions. It had authority to do so under Act No. 259 of April 3, 1946 (Sess. Laws, p. 534) providing for suspended sentences. After ascertaining that the conditions required by § 2 of said Act concurred, its action was discretionary. *People* v. *Marrero*, 68 P.R.R. 854; *People* v. *Feliciano*, 67 P.R.R. 227; *People* v. *Emmanuelli*, 67 P.R.R. 626.

Appellant argues that once the court chose to give him the benefit of the Act on suspended sentences, it could not apply to said sentence the provisions of the Act on indeterminate sentences. We do not agree. We have already said that since the approval of Act No. 295, *supra*, any sentence rendered in felony cases must be indeterminate, except when the offense entails life imprisonment. It is this indeterminate sentence that the court may later suspend by releasing the defendant on parol, for such time and under such conditions as the court may, in its discretion, consider proper in conformity with the surrounding circumstances of each case. And that was what the lower court did in the present case. Appellant's contention is not supported by the record. The court did not impose first a suspended sentence and later apply the provisions of the Act on indeterminate sentences. It was just the opposite. First it imposed an indeterminate

sentence and then it suspended its effect releasing the defendant on parol.

The judgment should be affirmed.

Mr. Justice Negrón Fernández did not participate herein.