STATE OF NEBRASKA, APPELLEE, v. JAMES McINTIRE, APPELLANT.

165 N. W. 2d 110

Filed February 20, 1969. No. 37043.

A. Q. Wolf and Lynn R. Carey, Jr., for appellant.

Clarence A. H. Meyer, Attorney General, and Melvin K. Kammerlohr, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, and NEWTON, JJ., and HASTINGS, District Judge.

BOSLAUGH, J.

The defendant was convicted of burglary and sentenced to 9 years' imprisonment. On this appeal the only assignment of error relates to the sufficiency of the evidence to sustain the judgment.

The record shows that the Sowl residence in Omaha, Nebraska, was entered on February 22, 1968, and a small amount of money stolen. Mrs. Sowl testified that she left the house at approximately 10:30 a.m. to go downtown; that both doors were locked when she left the house; that she returned to the house at about 12:40 p.m., unlocked the front door, and entered the living room; that she saw a tall white man running through the doorway between the dining room and kitchen; that she went outside and saw the defendant near the yard light in front of the house; that she asked the defendant what he was doing "in there" and " 'What did you take?' "; that when she asked the defendant to go with her to a neighbor's house so that she could call the police, the defendant said: " 'Lady, I have a gun; I'll shoot you' "; and that the defendant drove away in a Buick automobile that had been parked in front of the neighbor's house. Mrs. Sowl positively identified both the defendant and his automobile.

The defendant argues that the evidence is insufficient to show an unlawful entry. Mrs. Sowl testified that she had not given the defendant permission to enter the house, but there was no direct evidence that her husband or children had not given the defendant permission to enter the house.

An unlawful entry may be shown by circumstantial evidence. Pointer v. State, 114 Neb. 13, 205 N. W. 574; Larson v. State, 161 Neb. 339, 73 N. W. 2d 388.

The testimony of Mrs. Sowl shows that the locked house was entered during the middle of the day; that

upon inquiry, the defendant gave no reasonable explanation as to why he had not been in the house but did not deny that he had been in the house; and that upon suggestion that the police be called, the defendant threatened to shoot Mrs. Sowl. The evidence was sufficient for the jury to find that the defendant had unlawfully entered the house.

The judgment of the district court is affirmed.

AFFIRMED.