UNION PACIFIC RAILWAY COMPANY V. ELIAS EVANS.

FILED JUNE 15, 1897.   No. 7377.

1. **Railroad Companies:** APPROACHES TO STATIONS: NEGLIGENCE. It is the duty of a railway company to provide and keep approaches to its platforms at its depots where, from the manner of construction of the platforms, approaches are necessary, which are reasonably convenient and safe for the passage of the public to or from the depot for, or in the transaction of business with, the company.

2. ———: NEGLIGENCE: QUESTION FOR JURY. The questions of the negligence of a defendant in an action, or of contributory negligence of the plaintiff, where not conclusively established by the evidence, must be submitted to the jury for determination.

3. ———: ———: PERSONAL INJURIES: PROXIMATE CAUSE. The question of what was the proximate cause of an injury is generally a question of fact to be settled by the jury.

4. ———: ———: ———: ———. Where there are several agencies or causes of an injury, the question is, which was the efficient, dominant cause?

5. Trial: EXCLUSION OF EVIDENCE: REVIEW. Alleged error in the exclusion of offered testimony is of no avail if the same testimony, or testimony to the same effect, had been, or was afterwards, allowed to be given by the witness.

6. ———: ———. It is not error to exclude testimony for the introduction of which no proper foundation has been laid.

ERROR from the district court of Merrick county. Tried below before SULLIVAN, J. *Affirmed.*

*J. M. Thurston, W. R. Kelly, E. P. Smith, Charles L. Dundy, John Patterson,* and *C. A. Baldwin,* for plaintiff in error.

*W. T. Thompson, contra.*

HARRISON, J.

This action was instituted in the district court of Merrick county by defendant in error to recover of the Union Pacific Railway Company damages which he alleged had accrued in his favor by reason of the negligence of the company in the construction of a portion of its platform, or the approach thereto, at its depot in Silver Creek, a station on its line of road in Merrick county. A portion of the petition was as follows:

"3. That on said 13th day of February, and for a long time prior thereto, defendant herein kept and maintained a depot platform, and an approach thereto, at and for said depot, within said village of Silver Creek, and which said approach, leading from the ground at or near the west end of said platform up onto said platform, and

which was the main and only approach or means pro-
vided by said defendant at said point, and the only means
or way for persons to go upon said platform to said depot,
which said platform was about three feet from the
ground, was by the defendant so carelessly, negligently,
and unlawfully constructed and maintained, in this, that
it was so constructed as to form an inclined plane eight
feet long and about six feet wide, whose west or lower
end, resting upon the ground, was thirty-two inches lower
than the east or top end, resting against the said plat-
form near the top thereof, so as to thereby render the
same very precipitous, unsafe, and highly dangerous to
any one passing upon or over the same, going to or com-
ing from said depot, all of which facts were well known
to said defendant railroad company, its agents, servants,
and employes, at and prior to said 13th day of February,
1893.

"4. That on said 13th day of February, 1893, plaintiff
herein, being desirous of purchasing a ticket for his wife
over the defendant's said line of railroad, at the request
of said defendant went to said depot at said village of
Silver Creek, for the purpose and with the sole intention
of buying a ticket for his wife over said defendant's line
of railroad from said village of Silver Creek to the city of
Omaha, Nebraska, and that while at and about said depot
for the purpose aforesaid, and while lawfully passing on
and over the approach to said platform, hereinbefore
mentioned, without any fault, carelessness, or negligence
whatever on his part, but through and by reason of the
careless, negligent, and unlawful construction by defend-
ant of said approach, hereinbefore mentioned and de-
scribed, plaintiff slipped, fell, and broke the bone of his
leg commonly called the fibula, and dislocated the ankle
joint, whereby and by reason whereof plaintiff has been
damaged in the sum of $1,990."

There was a further detailed statement of the damages.
The answer contained denials of the allegations of the
petition of the negligence of the company, and asserted

that if defendant in error had been injured it was by his own carelessness and negligence. Of the issues there was a trial, which resulted in a verdict and judgment against the company. It seeks a review in this court of the proceedings in the trial court. The gravamen of the action was that the company had so constructed the slanting portion of the platform, or rather the inclined approach to the platform proper, that it was an unsafe and dangerous structure for the use of members of the public who passed over it in going to and from the depot in the course of business transactions with the company, and had maintained the structure in its unsafe and defective condition. There was in the petition but this one sole charge of negligence.

Counsel for the company prepared the following instruction and requested that it be given in the charge to the jury: "You are instructed that under the law and the evidence in this case your verdict must be for the defendant." The request was refused, which was assigned as error, and under this assignment it is argued that the proof failed to show any negligence on the part of the company in the particulars alleged in the petition; and further, that the evidence disclosed, conclusively, negligence on the part of defendant in error which precluded his recovery.

We will examine the points raised in the order which we have just stated them. It is not controverted that the evidence established that defendant in error slipped and fell on the approach to the platform at the depot in Silver Creek and sustained injuries; nor is there any controversy over the amount of damages allowed. The inclined plane or approach where defendant in error fell was made by placing timbers or "stringers" with one end resting on and attached to the platform and the other end on the ground, and placing and fastening on these a sufficient number of heavy planks or boards, each twelve inches in width, to cover the space from the platform proper to the ground, about eight feet. The approach was six or eight feet

wide.   The walk was thus composed of the plain surface
of the planks as they laid, the edges adjoining.   It was
stated by the witnesses called on behalf of defendant in
error that the platform proper was about three feet above
the ground, and the approach was at least thirty inches
from the ground where it was attached to the platform.
Some witnesses gave it one or two inches more.   It was
shown by testimony introduced on the part of the com-
pany, one witness stating that he had, during twelve
years in succession, been building platforms to depots,
and approaches, or assisting in so doing, along the line
of the Union Pacific railway main line and branches, that
there was a standard uniform height for platforms like
this one in question, which was fourteen inches above the
rail, with an "eight-foot drop on it," meaning the ap-
proach, and that the one at Silver Creek was built accord-
ing to the standard.   It is settled by a long line of de-
cisions that it is the duty of a railway company to provide
and keep an approach, where one is necessary, to its
platform at a depot in a reasonably safe and convenient
condition for passage of the public over it for or during
the transaction of business with the company.   (2 Am. &
Eng. Ency. of Law, 760, and note; *Buenemann v. St. Paul,
M. & M. R. Co.*, 32 Minn., 390; *Christie v. Chicago, M. & St.
P. R. Co.*, 63 N. W. Rep. [Minn.], 482; *Skottowe v. Oregon
S. L. & N. N. R. Co.*, 30 Pac. Rep. [Ore.], 222; *Collins v.
Toledo, A. A. & N. M. R. Co.*, 45 N. W. Rep. [Mich.], 178.)
Under the evidence introduced it was for the jury to
determine the conflict on the question of fact in relation
to the height of the platform from the ground, and the
consequent increase in the pitch or slope of the approach,
and also, as a matter of fact, whether the approach as
constructed was reasonably safe for the purpose for
which it was constructed.   The evidence for the company
on this point disclosed the standard which it had adopted
for the construction of platforms and approaches, pre-
sumably as a reasonably safe one.   The evidence of the
defendant in error was to the effect that the structure in

question was more than double the height of the standard approved by the company. With these conditions of the evidence the questions were not of law and for the court, but of fact for determination by the jury. The defendant in error was well acquainted with the approach to the platform, had walked over it very frequently, but his knowledge of the approach and its condition as to steepness of incline would not bar him of his recovery if injured because of its unsafeness occasioned by such steepness, provided he was at the time, all the circumstances considered, exercising ordinary care. The company presented its depot platform and approach thereto as reasonably safe and suitable for the use and passage of the public in transacting business with it. The approach had been used for years by numerous persons, and often by defendant in error, in its then condition. It cannot be said as a matter of law that it was contributory negligence that he used it again. (*White v. Cincinnati, N. O. & T. P. R. Co.*, 12 S. W. Rep. [Ky.], 936.) There was evidence from which it may be said that the approach to the platform was, at the time the defendant in error slipped and fell thereon, wet or damp, and was thus rendered somewhat unsafe for foot passengers, and that this entered into the injury as one of its causes, or its proximate cause; also that the fact of the slipping of defendant in error's foot was the proximate cause of the injury, but antecedent to this was the alleged structural defect of the approach. It has been stated: "On the intervention of other agencies the inquiry should be, is the original wrongful act an antecedent, efficient, and dominant cause, which put the other causes in operation." (*Alabama G. S. R. Co. v. Arnold*, 2 So. Rep. [Ala.], 337, citing Cooley, Torts, 70; *Ætna Fire Ins. Co. v. Boon*, 95 U. S., 117; *Billman v. Indianapolis, C. & L. R. Co.*, 40 Am. Rep. [Ind.], 230; *Jordan v. Wyatt*, 4 Gratt. [Va.], 151; *Ricker v. Freeman*, 9 Am. Rep. [N. H.], 267; *Sheridan v. Brooklyn, C. & N. R. Co.*, 36 N. Y., 39; *East Tennessee, V. & G. R. Co. v. Lockhart*, 79 Ala., 315. See, also, *Spears v.*

*Chicago, B. & Q. R. Co.*, 43 Neb., 720.) The questions of the negligence of the company, of contributory negligence of the defendant in error, and what was the proximate cause of the injury were matters or inferences of fact to be settled by the jury; hence they were properly submitted to it for determination. There was some apparent conflict in the evidence in regard to the purpose for which the defendant in error had gone to the depot on the day he was injured, whether on business or merely as a loiterer or idler. This the jury solved in favor of the view that he was there on business, and as this disposition of it has support in the evidence, it will not be disturbed.

It is urged that the court erred in sustaining an objection to the following question, and thus excluding the testimony sought to be elicited by it: "Now, tell the jury, if you please, Mr. Bennett, whether that platform, with its approaches, are according to the standard rules." The witness to whom this question was propounded had stated the standard adopted by the company for construction of its platforms and approaches and given in detail a description of the one at Silver Creek, covering the points included in the general question which we have quoted, to which objection was sustained, hence, if there was any error in the action of the trial court, it was without prejudice. (*Halbert v. Rosenbalm*, 49 Neb., 498; *Denise v. City of Omaha*, 49 Neb., 750.)

To the interrogatory, "I ask you, Mr. Bennett, as an expert platform runway builder, what is your opinion as to the pitch of that runway as to its being dangerous or not dangerous?" an objection was interposed including that no proper foundation had been laid for the testimony. This objection, we think, was well taken; hence the argument on this point must be overruled.

No available errors having been presented, the judgment of the district court must be

AFFIRMED.