CITY OF OMAHA V. MARY HOULIHAN.

FILED JULY 13, 1904. No. 13,464.

1. **Personal Injury**: QUESTION FOR JURY. Issues as to the existence of negligence and contributory negligence, and as to the proximate cause of an injury, are for the jury to determine, when the

City of Omaha v. Houlihan.

evidence as to the facts is conflicting, and where different minds might reasonably draw different conclusions as to these questions from the facts established.

2. **Pleading and Proof.** Proof as to the distance of the surface of the sidewalk from the ground and the slope of the ground at the end of the walk, *held* to be within the issues.

ERROR to the district court for Douglas county: JACOB FAWCETT, JUDGE. *Affirmed.*

*C. C. Wright* and *W. H. Herdman,* for plaintiff in error.

*James H. McIntosh, contra.*

LETTON, C.

This action was brought by Mary Houlihan, defendant in error, hereinafter styled the plaintiff, against the city of Omaha, plaintiff in error, hereinafter styled the defendant, to recover damages for personal injuries alleged to have been suffered by her. by reason of a defective sidewalk in said city. The plaintiff, at the time of the accident, was an unmarried woman, about 50 years of age, who had been engaged in domestic service for 10 or 12 years previously, and was a stout healthy woman weighing about 170 pounds. She was injured at a point where a wooden sidewalk running on the west side of 24th street between Cuming and Burt streets intersects the alley on the west side of the street. The evidence shows that the sidewalk is made of two-inch planks laid crosswise on four-by-four stringers; that at the point where the sidewalk reaches the alley there is no crosswalk and that the middle of the alley is about 16 to 18 inches below the level of the surface of the sidewalk; that immediately at the end of the walk upon which the plaintiff was walking the distance from the surface of the sidewalk to the ground is from eight to ten inches, and that from that point there is quite a steep slope for the remainder of the distance to the level of the middle of the alleyway. The plaintiff was familiar with the locality;

she testifies that the sidewalk was clear and all right at the place; that as she was proceeding along the walk in the direction of Cuming street she stepped down from the surface of the plank walk to the ground, when her foot slipped and she fell backward upon her other foot in such a manner that the bones of her leg were broken just above the ankle. It appears that after the bones were set by the surgeons she employed, a plaster cast was placed upon the injured member and she was compelled to remain in bed for about nine weeks; that afterwards she was obliged to use crutches for a long period of time and was still to some extent incapacitated from labor by the injury received. She recovered a judgment in the district court from which the defendant city prosecutes error.

The principal contention of the defendant is that the verdict is not sustained by sufficient evidence, is contrary to law and that the court erred in refusing to direct a verdict for the defendant. The argument of the defendant is mainly devoted to two points. First, that the plaintiff was clearly guilty of contributory negligence since she was acquainted with the condition of the walk at the point where the injury occurred and that she with full knowledge of this defective condition attempted to pass over the dangerous spot. That the danger was well known to her and that she having deliberately attempted the passage must be taken to have assumed the risk.

The first question to be considered is whether or not the plaintiff knowing the condition of the walk when she made the descent was guilty of contributory negligence in attempting to pass. Certain photographs were introduced in evidence which show clearly the condition of the sidewalk and "the vertical cut-off," of which the plaintiff complains, at the time of the accident. The plaintiff testifies that she did not see any ice or snow when she fell, if there was any it must have been covered with dust; while the testimony of Dr. Upjohn, the doctor who was called to her at the time of the accident, was that there was a small piece of ice about four inches from the end

of the sidewalk, occupying about eight inches of the center of the walk, and that a person could have stepped to one side of the ice had they taken the pains.  He further testified that the plaintiff told him that she had fallen there when she was running for the car, that she noticed the car standing and she was running to catch the car and stepped on the ice and fell.  The plaintiff denies that she told the doctor that she was running; but her testimony as to whether she said she stepped upon the ice is that she told him she stepped out in the alley and fell; that she does not believe she told the doctor she stepped on the ice, she could not say, that it might be icy, but that she did not see it, it must be because of the dust.  The witness Johnson testified that at the time of the accident he looked to see if there was ice there and there was none.

The evidence showed that the sidewalk upon the other side of the street was not in good condition.  The photographs show that the middle of the street was rough and frozen and also show a steep bank at the edge of the sidewalk next the street higher than the step from the sidewalk to the alley.  Under these circumstances we believe that a person of ordinary prudence would be justified in stepping down from the end of the walk a distance of eight to ten inches, which is not an unusually high step. Had the condition of the ground beyond been level, in all probability no injury would have resulted, but doubtless owing to the sharp slope beyond the first step down, the plaintiff's foot slipped and she fell.

We are convinced from the evidence that the proximate cause of the injury was the abrupt descent from the surface of the sidewalk to the level of the alley.  There was a vertical descent of from eight to ten inches, then a sloping descent for about the same distance.  Had the sidewalk been constructed so as to leave no abrupt descent the accident in all probability would not have happened. It is probable that a small part of the surface of the slope was icy but was covered with dust, since the plaintiff testifies that she did not see any ice when she stepped down,

and it is not at all improbable that the fall of the plaintiff to the ground brushed the dust away and made the ice visible. Although the plaintiff was well acquainted with the condition of the sidewalk at this point, her knowledge would not prevent her recovery in this action, provided that she used ordinary and reasonable care considering all the circumstances at the time she was injured. *Union P. R. Co. v. Evans,* 52 Neb. 50. There is no clear and satisfactory evidence of the intervention of any other agency causing the plaintiff to slip, than the defective and improper situation and construction of the end of the sidewalk so that it was left elevated such a height above the alleyway, and the nature of the ground at the bottom of the step.

The question of whether or not the plaintiff was negligent was submitted to the jury by appropriate instructions, and the jury found against the defendant on this issue. The question of contributory negligence becomes a matter of law for the consideration of the court only when the inference to be deduced from the testimony is so clear and positive that reasonable minds could not well differ, but where persons of ordinary good judgment might reasonably differ in the conclusion drawn from the facts as to whether or not a person has been guilty of contributory negligence, it is a matter entirely for the jury to determine. In this case, the court cannot say as a matter of law that the plaintiff was guilty of contributory negligence and the matter was properly submitted to the jury.

The defendant's second contention is that the negligence of which the plaintiff complains was not the proximate cause of the injury, but that the injury was caused, not by the defective condition of the sidewalk but by the lack of a cross-walk across the alley, or by the accumulation of ice or snow at the point of crossing and that hence the evidence does not support the allegations of the petition. The petition charges "that said sidewalk as so constructed and maintained by said defendant is, and during all the times herein mentioned, was dangerous to foot passengers;

that during the winter season ice, snow and mud accumulate on the ground at the bottom of said vertical cut-off, so that passengers walking along said sidewalk, and stepping down said vertical cut-off were in great danger of slipping and falling and sustaining injuries thereby; that said defendant was negligent in constructing and maintaining said sidewalk with said vertical cut-off in manner and form as aforesaid, and the said danger to foot passengers by reason thereof was at all times well known to the said defendant." While it is true that the petition does not describe the precise nature and every element of the defect that caused the accident, it sufficiently appears that it was the distance between the surface of the walk and the ground, and the uneven condition of the surface of the ground at the foot of the step that was complained of. No motion to make the petition more specific was filed and we think its allegations broad enough to admit of the proofs furnished.

A number of objections are urged to the instructions of the court, but we are satisfied that the instructions given fairly submit the issues to the jury. It is objected that the court erred in instructing the jury that the life expectancy of the plaintiff was 21.11 years. The parties stipulated that, according to the Carlisle table of expectancy of life, the prospective life of a person of the age of 50 is 21.11 years when in good health. There was no other evidence as to expectancy. The evidence shows that the plaintiff was in good health at the time of the accident. It is true that the Carlisle table of expectancy is not conclusive of the question of the probable duration of life of an individual, but is merely a matter of evidence to be taken into consideration by the jury the same as other evidence and that in some cases an instruction of this kind might be prejudicial; but in the case at bar the evidence was undisputed. The only effect that the introduction of this table could have would be to affect the amount of the plaintiff's damages. The defendant does not complain that the damages are excessive, and even if it did there

would be no ground for the complaint. The action of the court was not prejudicial.

The case was fairly tried and submitted to the jury, and we find no error in the record prejudicial to the defendant.

We recommend that the judgment of the district court be affirmed.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.