HORACE E. BURNHAM, APPELLEE, V. CHICAGO, BURLINGTON & QUINCY RAILWAY COMPANY, APPELLANT.

FILED OCTOBER 22, 1910. No. 16,571.

1. **Pleading**: SUFFICIENCY. In a petition, a general allegation of negligence is sufficient, if not assailed by motion.

2. **Appeal**: REVERSAL: RETRIAL: ADMISSIONS AT FORMER TRIAL. When a case is retried in the district court after a general reversal on appeal, the trial court, in construing an admission made by plaintiff at the former trial, should consider the situation of the parties at that time and the circumstances under which the admission was made.

3. ———: ———: ———. A plaintiff, by trying his case and recovering an erroneous judgment under allegations which, when proved, afford him no remedy, is not precluded from relying on other allegations of the same petition after his judgment has been reversed on appeal and the cause remanded generally.

4. **Railroads: Killing Stock: Negligence: Question for Jury.** In a suit against a railway company to recover the value of a horse which, when running on the track ahead of a train, was struck and killed by the locomotive, whether the engineer by the exercise of ordinary care could have stopped the train in time to avoid the collision after he saw the horse and blew the whistle to frighten it is a question for the jury, where there is competent proof to sustain a verdict in favor of plaintiff on that issue.

APPEAL from the district court for Lancaster county: LINCOLN FROST, JUDGE. *Affirmed.*

*James E. Kelby* and *Frank E. Bishop,* for appellant.

*Wilmer B. Comstock, contra.*

ROSE, J.

At Burnham, July 5, 1905, a freight train operated by defendant struck and killed plaintiff's horse, and this is a suit to recover its value. There were two trials. At the first plaintiff recovered a judgment on the theory that defendant was negligent in failing to fence its track where the horse entered the right of way. On appeal to this court, the first judgment was reversed because defendant was under no obligation to fence its track at that place. *Burnham v. Chicago, B. & Q. R. Co.* 83 Neb. 183. Upon a retrial in the district court, plaintiff recovered a judgment for $162.20, the ground of defendant's liability being negligence in the operation of its train. This judgment is now presented for review on an appeal by defendant.

The first point argued is that the petition will not sustain a judgment based on negligence in the operation of the train. The petition was the same at both trials. While negligence in failing to fence the track is specifically alleged, the petition also contains the general allegation that the horse was, "through the negligence and carelessness of defendant, run upon, against and over by one of defendant's engines and train of cars and killed." This general allegation is not assailed by motion, and in

absence of such an attack is sufficient. *Union P. R. Co. v. Vincent,* 58 Neb. 171.

It is next argued that the course pursued by plaintiff at the first trial prevents a recovery for damages resulting from the negligent operation of defendant's train. This point seems to be based on an admission or election by plaintiff and an instruction of the trial court. During the first trial, at the close of the testimony, counsel for defendant inquired of opposing counsel: "As a matter of convenience, Mr. Comstock, as I understand you from your original statement, the action here is for a failure to fence; so that would be all that we need to contest here?" This was answered: "Yes, sir." The court instructed the jury as follows: "As the case is presented to you for your determination, it is not contended by the plaintiff that at the time of the killing of the horse in question the defendant railway company was guilty of any negligence upon its part in the management and operation of the train that killed the horse, or that any liability on the part of the railway company exists in his favor for the loss of the horse on account of the defendant's management and operation of said train."

The effect of the admission should be considered in connection with the situation of the parties at the time it was made. Did plaintiff then rely on negligence in the operation of the train? An admission that he did not would justify the court in withdrawing that question from the consideration of the jury. Such a course would simplify the issues and facilitate further proceedings. "As a matter of convenience," the admission was made pursuant to the inquiry. At the first trial plaintiff did not rely on proof that the train was negligently operated. There was therefore no occasion to argue or submit that question to the jury, and in this situation counsel for plaintiff conceded, for the purposes of the trial, as the evidence then stood, that he did not rely on negligence in the operation of the train. The concession was not intended as an admission amounting to an adjudication that there was in

fact no such negligence, and should not be so construed upon a retrial in the same case. The trial court seems to have taken this view in permitting a recovery for negligence in the operation of the train.

Another proposition argued by defendant is stated in its brief as follows: "There is no evidence to sustain a finding of negligence in the operation of the train as the cause of the death of the horse." To justify the recovery on account of negligence in the operation of the train, plaintiff invokes the following rule: "It is the duty of an engineer in charge of a train to exercise such a lookout as is consistent with his other duties to ascertain the presence of obstructions on the track, and, if such a precaution would have revealed the presence of stock in time to have avoided their injury by the use of ordinary care, the railroad company is liable for injuries inflicted upon them, although they were not actually seen until too late to avoid striking them, and although they were not within the protection of the statute requiring tracks to be fenced." *Omaha & R. V. R. Co. v. Wright*, 47 Neb. 886.

A witness who lived near the place where the horse was killed testified in substance to these facts: The freight train came along there about 5 o'clock in the morning. His attention was directed to the horse by what he termed "a terrible whistling." He was familiar with the alarm. It indicated that something was on the track, and was such as is usually employed to frighten stock. He got up and went out and saw the train and also the horse. The animal was on the track. It ran down the track ahead of the train. The engine was about 80 rods from the horse when the whistling started, and it was kept up continuously until the horse was killed. The witness saw the train overtaking the horse. He did not know the speed of the train, but it was running rapidly and never slackened. The horse was knocked off the track dead. Did the engineer see the horse on the track 80 rods ahead when the stock-alarm was first sounded? Was defendant negligent in running down and killing plaintiff's horse? Could de-

fendant by the exercise of ordinary care have stopped the train in time to avoid a collision? The trial court was not without precedent in submitting these questions to the jury and in upholding the verdict. *Missouri P. R. Co. v. Vandeventer,* 28 Neb. 112; *Burlington & M. R. R. Co. v. Gorsuch,* 47 Neb. 767.

Some complaint is made of the instructions of the trial court, but they are in harmony with rules formerly announced by this court. No error has been found, and the judgment below is

AFFIRMED.

LETTON, J., absent and not sitting.