BAUER & JOHNSON COMPANY, APPELLEE, V. NATIONAL ROOFING COMPANY, APPELLANT.

FILED FEBRUARY 16, 1922. No. 21610.

1. **Negligence:** PROXIMATE CAUSE: QUESTIONS FOR JURY. Where, under the evidence, the facts and circumstances attending an accident are such that different minds may reasonably differ, as to whether or not an act or omission, under such conditions, constitutes negligence, and as to whether the negligence, if found, is the proximate cause of the accident, the questions of negligence and proximate cause are for the jury.

2. ———: INSTRUCTIONS. In a case where contributory negligence is pleaded and there is evidence sufficient to submit that question to the jury it is error to instruct the jury that, if they

find that negligence on the part of the defendant was the proximate cause of the accident complained of, their verdict should be for the plaintiff, without in the same instruction telling the jury under what conditions contributory negligence by the plaintiff would defeat a recovery by plaintiff.

3. ———: COMPARATIVE NEGLIGENCE: DAMAGES. "If, on the trial of an action 'brought to recover damages for injuries to a person or to his property caused by the negligence of another,' plaintiff is found to be guilty of negligence directly contributing to the injury complained of, he cannot recover, even though defendant was negligent, unless the contributory negligence of plaintiff was slight and the negligence of defendant was gross in comparison therewith; and if, in comparing the negligence of the parties, the contributory negligence of the plaintiff is found to exceed in any degree that which, under the circumstances, amounts to slight negligence, or if the negligence of defendant falls in any degree short of gross negligence under the circumstances, the contributory negligence of plaintiff, however slight, will defeat a recovery. And even when plaintiff has established his right to recover under this rule, it is the duty of the jury to deduct from the amount of damage sustained such amount as his contributory negligence, if any, bears to the whole amount of damage sustained. Rev. St. 1913 sec. 7892." *Morrison v. Scotts Bluff County*, 104 Neb. 254.

APPEAL from the district court for Douglas county: CHARLES LESLIE, JUDGE. *Reversed.*

*Nolan & Woodland,* for appellant.

*Kennedy, Holland, DeLacy & McLaughlin, contra.*

Heard before MORRISSEY, C.J., ROSE, ALDRICH and FLANSBURG, JJ., GRAVES and WELCH, District Judges.

WELCH, District Judge.

Plaintiff, Bauer & Johnson Company, recovered a judgment against the defendant, National Roofing Company, in the sum of $2,500, for damages to one of plaintiff's motor trucks on November 26, 1918. Defendant appealed.

Plaintiff alleges the damages to have been caused by reason of negligence on the part of appellant in leaving a block of wood in the roadway of Eleventh street

viaduct, in the city of Omaha, which roadway defendant was then resurfacing with asphalt. The truck in question weighed about three and one-half tons and at the time of the accident it was loaded with four tons of asphalt in semi-liquid form. The viaduct is about four blocks long, extending north and south and is level for about the first 200 feet from the south, then slopes downward to the north end. Appellant had, at the time of the accident, put on one coat of asphalt for the entire length of the viaduct and was then engaged in putting on another coat. Appellant had employed of plaintiff two motor trucks, owned by plaintiff, with their drivers, who were employed by plaintiff, to haul the asphalt to the place where it was being spread on the viaduct. The spreading of the second coat of asphalt was commenced at the north end of the viaduct. At the time of the accident it was necessary for the motor trucks to enter upon the viaduct and back down the same at and from the south end thereof, so as to avoid running over the freshly spread asphalt of the second coat, and plaintiff's drivers were directed by appellant so to do. The asphalt, on reaching the place where it was to be spread, was there dumped from the trucks, they having rear dumps. The roadway of the viaduct was but 20 feet wide. This was not wide enough to permit the trucks to be turned around on the viaduct; hence, they were backed to the place where the load was to be dumped. The viaduct was closed to travel by vehicles, other than those in the employ of appellant. On each side of the viaduct and as a part thereof was a sidewalk for pedestrians. This sidewalk was from seven to nine inches higher than the roadway and formed a curb for the roadway, and on the top of this curb extending along it was a strip of iron, called in the testimony the "angle iron" of the curb. At the outer edge of the sidewalk there was an iron railing three or four feet high. Along the sides of the viaduct at intervals of about 100 feet were openings or drains

for carrying the water therefrom. The appellant, in doing its work, removed or chipped off around these drains parts of the creosote blocks of wood with which the roadway was paved. Part of these blocks so removed were piled on the sidewalk, and plaintiff alleged that some were allowed to remain on the roadway along which the trucks backed with their loads of asphalt. About 2 o'clock p. m. the day of the accident, while one of plaintiff's trucks was being backed down the viaduct with a load of asphalt, plaintiff claims it was necessary to turn the truck toward the east of the center of the viaduct in order to pass a tar kettle or fire pot with handles of heating irons extending therefrom, which stood on the west side of the viaduct in the roadway and was used for heating the irons with which appellant's men spread the asphalt. Plaintiff claims that on turning the forward wheel of the truck for that purpose its right front wheel struck one of these creosote blocks that defendant had left in the roadway, and that the block (which the evidence shows was about 3 1/8 inches by 3 1/4 inches by 2 inches with a slope on one side) got under the right front wheel; wedged thereunder, and skidded along diagonally the direction the car was traveling, holding the front wheels in a position which caused the rear end of the truck to continue in a diagonal direction toward the east side of the viaduct. Plaintiff also claims that this block made it impossible for the driver to straighten the wheels so as to change the course of the truck, and that the driver of the truck put on its brake; that its brakes were in good condition, but that the surface of the roadway was slippery, and that by reason of said block being under the wheel, the slope of the road, and its slippery condition, the truck was caused to slide in a northeasterly direction to the side of the roadway and struck the iron flange of the right hind wheel of the truck on the curb, and thereupon the iron flange of said wheel mounted the curb and slid on the iron on top of the curb. The iron flange of this

wheel projected about three-fourths of an inch beyond the rubber tire of the wheel. Plaintiff claims that about the time the flange of the wheel struck the curb the front wheel of the truck passed over said block of wood, the left front wheel of the truck had reached about two feet from the curb, but the truck continued to slide to the northeast for about six or eight feet, and after riding the curb on its flange that distance the wheel passed entirely over the curb onto the sidewalk of the viaduct, which gave way, and the truck fell some 50 feet to the ground and was thereby ruined. The truck was a left-hand drive and its driver was on its left side looking northward out of the east side of the cab. He testifies that he did not see the block which he says became wedged under his right front wheel when turning to pass the heating pot. As the truck went through and over the sidewalk the driver jumped therefrom, landing on the viaduct. The appellant denied that it left any creosote blocks in the roadway of the viaduct; denied that the accident was caused by the wheel of the truck striking a block in the roadway; denied that it was guilty of any negligence, and alleged in its answer that any injury to the truck was due to and caused by the negligence of the plaintiff and its employee operating the truck.

The evidence introduced by plaintiff tends to show that the accident occurred in the manner claimed by it. The driver of the truck and several other witnesses testified that the truck was backing along near the center of the roadway, at about 2½ miles an hour; that on approaching a heating pot on the west side of the roadway and about 6 to 12 feet therefrom, as the truck was turning to pass said heating pot, there was a sudden jerk and change in the course of the truck, and it continued northeasterly, striking the curb, the flange of the right wheel riding it a short distance, the wheel then passing over the curb onto the sidewalk, and the truck then falling to the ground. At least three of the witnesses

testify that within a few minutes after the accident they found the creosote block of wood, introduced in evidence, in the roadway at the end of a diagonal mark extending the direction the truck had taken, at the place where there is testimony that the truck was deflected from its course to pass the fire pot. The driver of the truck testifies that he felt something under the right wheel of the truck as he was turning to pass the fire pot, and that he could not straighten the wheel of the truck. All, but one, of the witnesses of the defendant, testifying as to the course. of the truck, said that the truck was backing near the center of the roadway, and that it suddenly took a northeastern course, mounted the curb and run along with its right hind wheel on the sidewalk for a distance of about 50 feet, and then fell. Witnesses in the employ of the defendant testified that there was no change in the condition of the roadway, as to blocks thereon, from the time the truck was running thereon until after the time it was claimed by plaintiff the creosote block in evidence was picked up. One witness for the defendant testifies that the truck was coming down along the east side of the viaduct with its wheels about 3 or 4 inches from the east curb for about 100 feet, and came to a point of the junction of two pieces of the angle iron on the curb, then jumped the curb and ran with one wheel on the sidewalk for some distance, and then fell. Witnesses for the defendant also testified that their fire pot was some distance north of the place where the truck fell, and witnesses for plaintiff testified that it was about six feet south of where the truck struck the curb.

The question whether the creosote block was on the pavement, was struck by the wheel of the truck and caused the truck to pass over the curb and fall from the viaduct, was, therefore, a question to be determined by the jury. Appellant argues and claims that, as a matter of law, the leaving of the block of wood in evidence on the roadway of the viaduct is not negligence.

It cites authorities to support this contention.  Such a block of wood in the roadway where a deflection in the course of a vehicle striking it would not tend to cause injury to the vehicle, as where there is no bridge, viaduct, or embankment, for the vehicle to fall over in case of a deflection in its course which could not be stopped, would not be negligence.  It might not be negligence if the block was immovable so that a wheel striking it would pass over it and not be held in a deflected course by the block.  Among the authorities cited by appellant is *Briglia v. City of St. Paul*, 134 Minn. 97, in which the negligence claimed was failure to provide protection from vehicles falling over a bluff, along which a roadway 26 feet wide, in good condition, ran, with a gutter and walk which afforded protection against any ordinary deviation from the traveled road.  The appellant quotes from the opinion:

"Deceased did not suffer from any causal or ordinary deviation from the roadway, nor do we think there was any danger of her doing so.  The course of the car was extraordinary.  Stopping on a slight grade about 100 feet from the bluff edge, it commenced to back, and it backed nearly straight and over the precipice. We think the city should not be required to anticipate such unusual occurrences or to guard against them."

The extraordinary course of the car in that case was not caused by failure to have proper protection from falling over the bluff.  The course of the truck in this case was also extraordinary, and, if the plaintiff's evidence is true, its extraordinary course was caused by the loose block of wood lying in the roadway.  Moreover, appellant employed of plaintiff the use of the motor truck and its driver to carry asphalt over this roadway to the place where directed by appellant and in the manner it directed.  Appellant had exclusive charge of the roadway of the viaduct.  It was appellant's duty to keep the place for travel by the truck in a reasonably safe condition and free from obstacles which might

cause a deflection in the course of the truck. The plaintiff's driver had a right to assume that it was so kept.

Other authorities cited by appellant are cases in which the claimed defect in the roadway and sidewalk was not movable, nor the roadway or sidewalk at a place where the defect complained of would cause a vehicle to be damaged by falling off a bridge, viaduct or embankment. It would serve no purpose to analyze each case cited separately. The leaving of a block of wood the size of the one in evidence on the roadway might not be negligence under some circumstances, but under other circumstances different minds might reasonably differ as to whether or not there was negligence therein. We must take the facts and circumstances in evidence in this case, and if different persons may reasonably reach different conclusions as to whether or not it was negligence in leaving such block of wood on the roadway under those facts and circumstances, it is a question for the jury to determine. "Issues as to the existence of negligence and contributory negligence, and as to the proximate cause of an injury, are for the jury to determine, when the evidence as to the facts is conflicting, and where different minds might reasonably draw different conclusions as to these questions from the facts established." *City of Omaha v. Houlihan,* 72 Neb. 326.

Appellant also contends that it was physically impossible for the accident to have happened in the manner claimed by plaintiff. It claims that if the fire kettle was six feet south of the break in the curb where the wheel first struck it, and that the driver of the truck began to turn around the kettle when the rear end of the truck was within four or five feet of it, on such facts his wheel would strike the curb at almost right angles. There is no testimony that the driver of the truck turned to go around the fire kettle. All the testimony on that point is that he turned to the east to pass it. All the testimony as to the direction taken by the truck is that

it was 30 degrees off center. This would not be near the right angle of 90 degrees. The testimony is also that the right wheel of the truck ran on the curb or on the sidewalk for from 30 to 53 feet before it fell. If it struck the curb at nearly a right angle it would not have run northward that distance before falling from the viaduct.

Appellant also contends that the damage to the truck was not the natural and probable cause of leaving the block of wood in evidence on the viaduct, and ought not to have been foreseen by the defendant, and that therefore the negligence, if any, of the defendant was not, as a matter of law, the proximate cause of the damage complained of. The appellant had employed plaintiff's truck and driver to haul the asphalt, which the evidence shows is a semi-fluid with a tendency to flow to the rear end of the truck when it is backing down a slope, and render it harder to stop the truck. A motor truck is more liable to be deflected from its course and to have its wheels blocked and held so that the truck cannot be guided in its course, than a vehicle with wheels of greater diameter. There was testimony that the roadway was slippery on account of the first coat of asphalt thereon. These facts, together with the further facts that a loose block of wood was lying on such slippery roadway on a viaduct 50 feet above the ground traveled by motor trucks backing downward with loads of liquid asphalt, if such facts are found to be true, together with all the other facts and circumstances attending the course of the truck, found from the evidence by the jury, are all facts for the jury to consider, and to be considered, in determining whether or not it was negligence to leave said block in the roadway, and also in determining whether or not the appellant ought to have foreseen that the block of wood in the roadway, under such circumstances and conditions, might cause the truck to be deflected, so as to cause it to run off the roadway and fall from the viaduct. Different minds might reach

different conclusions reasonably from these facts and circumstances. Whether or not the leaving of such block of wood on the roadway was the proximate cause of the truck falling from the viaduct is, therefore, under the rule stated in *City of Omaha v. Houlihan, supra,* a question for the jury.

Appellant asks that the judgment be reversed for the following reasons: "(1) That it was physically impossible for the accident to happen in the way the plaintiff claimed, or in any way that would have involved negligence on the part of the defendant; (2) that the leaving of this piece of wood on the viaduct, if it was so left, was not, as a matter of law, a negligent act; (3) and, even though negligent, it was not actionable negligence, for the accident that was claimed to have resulted therefrom was not the natural and probable consequence thereof and ought not, as a matter of law, to have been foreseen by the defendant." We have already covered these points and determined that each is groundless.

Appellant also claims that the court erred in giving instructions Nos. 3, 10, and 12, and in refusing to give instruction No. 5, requested by the defendant.

The appellant claims error because neither in instruction No. 3, nor elsewhere, were the jury told that, if they find negligence on the part of the defendant was the proximate cause of the accident, they should find for the plaintiff, unless they find that negligence of the plaintiff contributed thereto. It also claims error because the jury were not instructed that, if they found that the negligence of the plaintiff, or its driver, caused the accident in question, they should find for the defendant.

To so instruct the jury in either case would be to ignore, and be contrary to, our contributory negligence statute, in a case where contributory negligence is pleaded and there is evidence tending to show the same. The negligence of plaintiff might be contributory merely

and not gross. Appellant was entitled to have all the issues raised by the pleadings, of which there was evidence tending to establish, submitted to the jury by proper instructions. Instruction No. 5, requested by the defendant, directed the jury to find for the defendant if it found that the truck struck the block in question and as a result thereof was damaged as claimed, and that such damage was the probable and natural consequence of the wheel striking the block, and further found that such damage should have been foreseen by the defendant, if they also found that the driver of the truck in the exercise of reasonable care saw, or should have seen, the block in time to have avoided it, or, having struck the block, could, in the exercise of reasonable care, have stopped the truck before it reached the point where it fell over the viaduct. This instruction should not have been given. Both of the acts of the driver of the truck, which would cause a finding for the defendant thereunder, might under the circumstances and the evidence be contributory negligence, and, if so, the instruction would be contrary to our comparative negligence statute. · In addtion to this, there was no evidence tending to establish that the driver could have seen the block of wood in the roadway. The uncontradicted evidence shows that the driver was necessarily on the left-hand side of the truck and necessarily looking backwards therefrom while the block struck, if it was struck, was on the right-hand side of the truck. In addition to this, neither the refusal to give instruction No. 5, requested by defendant, nor the refusal to give any other instruction requested by defendant, is assigned as error in defendant's motion for new trial. "This court will not review the action of a district court in giving or refusing instructions unless such action of the court be specifically assigned in the motion for new trial and as a ground thereof." *Phœnix Ins. Co. v. King,* 52 Neb. 562; *Graham v. Frazier,* 49 Neb. 90; *Pennington County Bank v. Bauman,* 81 Neb. 782. Appellant, how-

ever, contends that, although its motion for a directed verdict and its requested instructions might not be in proper form, they called the court's attention to the question of negligence on the part of plaintiff, and that therefore the court should have instructed thereon, citing in support thereof *Strubble v. Village of DeWitt,* 81 Neb. 504, and *Sorenson v. Townsend,* 77 Neb. 499. The first of these cases simply holds that it is error to refuse an instruction which correctly states the law on the issues presented by the pleadings and the evidence unless the points are fairly covered by other instructions. In the opinion it is stated that, if the court regards the requested instructions as defective in form, it should have treated them as requests for instructions on the points designated, and have properly instructed the jury on the points requested. If, in this case, the court should have treated the instructions requested and refused as requests for instructions on the points designated therein, the failure of the court to so instruct on these points, not being assigned as error in the motion for new trial, cannot be reviewed by this court. The second case last above mentioned as cited by appellant simply holds that a party is entitled to have his theory submitted to the jury if the evidence tends to establish it, and that an instruction given by the court on its own motion contrary to such theory was erroneous. No instruction was requested in that case. Appellant also contends that the jury should have been instructed that negligence of the driver of the truck would be imputed to the plaintiff.

Instruction No. 1 given by the court tells the jury that the plaintiff through its driver was backing the truck down the roadway. This tells them that such act of the driver of the truck was the act of the plaintiff. If a more specific instruction on this point was desired, defendant should have requested the same. The instructions nowhere tend to mislead the jury into the belief that the acts of the driver were not acts of plaintiff. "Though an instruction may not be so specific as it

should be, if it is not misleading, it is not cause for reversal, where the complaining party made no request for a more specific instruction." *Webb v. Omaha & S. I. R. Co.,* 101 Neb. 596. Also, *Larsen v. Savidge,* 103 Neb. 79.

The only question remaining to be considered is, was the jury properly instructed upon the law applicable to the questions involved in the issues raised by the pleadings and supported by the evidence. "A court is bound to instruct the jury, whether requested or not, upon the material issues of the case." *Kyd v. Cook,* 56 Neb. 71. Also *Figg v. Donahoo,* 4 Neb. (Unof.) 661.

Instruction No. 3, given by the court on its own motion, after instructing the jury that the burden of proof was on the plaintiff to establish by a preponderance of the evidence all of its material allegations not admitted to be true by the answer of the defendant, is as follows: "Therefore, before the plaintiff can recover in this action it must be established by a preponderance of the evidence: First—That negligence on the part of the defendant was the proximate cause of the accident complained of. Second—The damages, if any, sustained by the plaintiff as a result thereof. If the plaintiff has established both of the foregoing propositions by a preponderance of the evidence, then your verdict should be for the plaintiff. If, however, the plaintiff has failed to establish by a preponderance of the evidence that negligence on the part of the defendant National Roofing Company was the proximate cause of the truck being thrown from the viaduct to the railroad tracks below, then the plaintiff cannot recover, and your verdict should be for the defendant."

The affirmative defense set out in appellant's answer that the damage was caused by negligence of the plaintiff, unless it be treated as a plea of contributory negligence, would be simply a denial that the alleged negligence of defendant caused the damage, and there would be no error in this instruction. The appellee contends

that the answer does not allege contributory negligence, but alleges only facts or conclusions showing that the accident was not caused by negligence of the defendant. "A general allegation of negligence is good as against a demurrer, and under such an allegation evidence of any fact which contributed to the injury sued for is competent and relevant." *Omaha & R. V. R. Co. v. Wright,* 49 Neb. 456. "A general averment that the defendant was negligent, without setting out the negligent acts or omissions, is sufficient, unless the pleading be attacked by motion." *Union P. R. Co. v. Vincent,* 58 Neb. 171. Also, *Burnham v. Chicago, B. & Q. R. Co.,* 87 Neb. 696.

By a parity of reasoning, a general averment in an answer charging that negligence on the part of the plaintiff caused the accident is good, unless assailed by motion to make more definite and certain. There was evidence tending to show that the truck could have been stopped by proper care on the part of the driver. If it could have been so stopped, a failure so to do would be negligence chargeable to the plaintiff, and, if the jury found that negligence of the defendant was the proximate cause of the accident, it also might find that such negligence by the plaintiff was contributory negligence. This court has held: "Where the facts in evidence tend to show both negligence and contributory negligence, the duty to make the comparison required by the statute rests with the jury, unless the evidence as to negligence is legally insufficient, or contributory negligence is so clearly shown that it would be the duty of the trial court to set aside a verdict in favor of the plaintiff. Ordinarily, wherever there is room for difference of opinion upon these questions, they must be submitted to the jury." *Disher v. Chicago, R. I. & P. R. Co.,* 93 Neb. 224; *McCarthy v. Village of Ravenna,* 99 Neb. 674. In the *Disher* case, it was also held: "A court is entitled to direct a verdict where the lack of evidence of negligence, or the undisputed evi-

dence as' to more than slight contributory negligence in comparison with that of defendant, is so clear that reasonable minds cannot differ as to its legal effect; but in all other such cases the issues must be left to the jury." In this case it was for the jury to determine from all the evidence, taking into consideration that tending to show that the truck was backing down a slope which was slippery, with a load of asphalt with a tendency to slide backward in the truck which made it difficult to stop the truck with its brake, whether or not failure to stop was contributory negligence. It was also for the jury, if it so found, to make the comparison required by the statute. Reasonable minds might differ on those questions.

The court treated the answer as pleading contributory negligence and instructed the jury thereon. The court, having so treated it, should properly instruct the jury on that issue on its own motion. Prior to our statute on comparative negligence, it would have been error, in a case where contributory negligence was pleaded and there was evidence tending to establish it, for the court to fail to instruct that, if they found plaintiff guilty of contributory negligence, they should find for the defendant.

Under our present comparative negligence statute the jury should clearly be instructed, where the evidence in a case tends to show negligence on the part of the plaintiff, from which the jury is permitted to determine whether the same was the proximate cause of the injury complained of or simply contributory thereto, that if it finds plaintiff guilty of contributory negligence it should find for the defendant, unless it also finds that the contributory negligence of the plaintiff is slight and the negligence of the defendant is gross in comparison.

By instruction No. 3, hereinbefore quoted, the jury were told that if plaintiff had established by a preponderance of the evidence that negligence on the part of the defendant was the proximate cause of the accident

complained of, and the damages sustained by plaintiff as a result thereof, they should find for plaintiff. This instruction nowhere referred to the issue of contributory negligence by plaintiff. It ignores that issue.

An instruction which sets out a state of facts, and authorizes a verdict for one of the parties upon a finding of such facts, is erroneous, unless it includes every fact necessary to sustain a verdict in favor of such party, unless the omitted facts are conclusively established. In *Standard Distilling & Distributing Co. v. Harris*, 75 Neb. 480, it is said:

"Where such instruction is complete in itself, the error therein is not cured by the giving of other instructions which correctly state the law or the facts essential to a recovery by such party."

The only instruction given by the court concerning contributory negligence (except No. 12, which defines the same) was instruction No. 10. It was as follows: "If plaintiff was guilty of contributory negligence contributing to the injury or damage complained of, that fact will not bar a recovery, if the contributory negligence of the plaintiff was slight and the negligence of defendant was gross in comparison, but in such case the contributory negligence of plaintiff will be considered by you in mitigation of damages in proportion to the amount of contributory negligence attributable to the plaintiff." This instruction correctly states the provisions of our statute. It does not tell the jury that they should find for the defendant unless they find the plaintiff guilty of contributory negligence, unless they also find such negligence of the plaintiff was slight and the negligence of the defendant was gross in comparison. Nowhere in the instructions are the jury instructed to find for the defendant in such case. If the jury could infer from instruction No. 10 that it should find for the defendant if it found plaintiff guilty of contributory negligence, unless they also found that its contributory negligence was slight and the negligence of the de-

fendant was gross in comparison, such fact or inference would not cure the error in instruction No. 3. *Standard Distilling & Distributing Co. v. Harris, supra; Burlingim v. Baders,* 45 Neb. 673; *Beck v. State,* 51 Neb. 106; *Bergeron v. State,* 53 Neb. 752; *Knapp v. Chicago, K. & N. R. Co.,* 57 Neb. 195.

From instruction No. 10 the jury might infer that by instruction No. 3 it had been instructed to find for plaintiff if it found that negligence of defendant was the cause of the accident, because contributory negligence of the plaintiff would not bar its recovery if that contributory negligence was slight and the negligence of defendant gross in comparison.

For these errors in instructions of the court, the judgment of the district court should be, and is, reversed and this cause remanded for a new trial.

REVERSED.